IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward J. Aguilar, | No. CV-06-1595-PHX-SRB (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Maricopa County Adult Probation, et al., | |
| Respondents. | |

This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (docket # 4) Respondents filed an Answer asserting that the Petition is untimely and that Petitioner's claims are procedurally defaulted. (docket # 9) Petitioner has filed a reply. (docket # 10).

**BACKGROUND**

On November 19, 2001, the State of Arizona charged Petitioner with two counts of threatening or intimidating (gang threats), a class 4 felony. (Respondents' Exh. A) Following a jury trial, on June 30, 2003, Petitioner was convicted of Count One as charged. (Respondents' Exhs. B, F) As to Count Two, Petitioner was found guilty of the lesser-included offense of threatening or intimidating. (Id.) On August 22, 2003, the trial court[1] suspended imposition of sentence and placed Petitioner on probation for four years on Count One and two years on Count Two. (Respondents' Exh. F at 4 n. 2; Exh. B)

---

[1] The Honorable Brian R. Hauser presided.

1   Thereafter, on May 5, 2004, Petitioner admitted that he had violated the terms of his
2   probation.  (Respondents' Exh. C) Based on Petitioner's admission, the trial court found
3   Petitioner in violation of probation and sentenced him to 2.5 years' imprisonment on Count One.
4   (Respondents' Exh. D) On Count Two, the trial court reinstated Petitioner's probation for two
5   years to commence upon his release from prison.  (Respondents' Exh. D)

6   Petitioner timely appealed raising the following claims: (1) the trial court abused its
7   discretion under Arizona Rule of Evidence 703 in admitting an out-of-court statement regarding
8   Petitioner's status in a gang; (2) the trial court erred in failing to instruct the jury regarding the
9   limited purpose for which the out-of-court statement could be used; and (3) the admission of the
10  out-of-court statement violated the Confrontation Clause.  (Respondents' Exh. E) On July 29,
11  2004, the Arizona Court of Appeals rejected Petitioner's claims and affirmed his convictions and
12  sentences.  (Respondents' Exh. F) Petitioner did not file a petition for review to the Arizona
13  Supreme Court.

14  On August 5, 2004, Petitioner filed a notice of post-conviction relief in the Superior
15  Court.  (Respondents' Exh. H) On August 9, 2004, the court appointed the Office of the Legal
16  Advocate to represent Petitioner.  (Respondents' Exh. I) Thereafter, on October 4, 2004,
17  Petitioner, proceeding *pro se*, filed another notice of post-conviction relief.  (Respondents' Exh.
18  J) The trial court again appointed the Office of the Legal Advocate to represent Petitioner.
19  (Respondents' Exh. K) Appointed counsel then filed a separate "Notice of Completion of Post-
20  Conviction Review" as to each notice of post-conviction relief.  (Respondents' Exhs. L-M)
21  Thereafter, on January 5, 2005, Petitioner filed a single *pro per* petition for post-conviction
22  relief raising the following claims: (1) his sentence was not imposed in accordance with the
23  governing law and procedures; (2) the court improperly considered Petitioner's prior convictions
24  in imposing the sentence; (3) Petitioner's rights under the double jeopardy clause were violated;
25  (4) Petitioner's convictions and sentences should be vacated based on newly discovered
26  evidence; (5) Petitioner was denied effective assistance of counsel.  (Respondents' Exh. P)  The
27  trial court consolidated the post-conviction proceedings and denied relief on March 18, 2005.
28  (Respondents' Exhs. Q-S) Petitioner did not seek review in the Arizona Court of Appeals.

Thereafter, on or about June 23, 2006, filed his pending Petition for Writ of Habeas Corpus raising the following claims for relief: (1) ineffective assistance of counsel; (2) denial of the right to appeal; (3) illegal search and seizure; and (4) failure to disclose exculpatory evidence. (docket # 4)  Respondents assert that Petitioner's claims are time-barred and, alternatively, that Petitioner's claims are procedurally defaulted and barred from federal review. In a document entitled, "Motion for Relief from Judgment or Order" (docket # 10), which the Court construes as Petitioner's reply, Petitioner disputes these assertions.[2]  The Court will first consider whether the Petition is timely filed.

## ANALYSIS

**I.  AEDPA Limitations Period**

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The Supreme Court has explained that for purposes of § 2244(d)(1)(A), "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (quoting United States v. Johnson, 457 U.S. 537, 542 n.8 (1982)).  Thus, the period of direct review includes the period within which a petitioner can file a petition for writ of certiorari to the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The one-year limitations period is

---

[2] Petitioner's Motion for Relief from Judgment or Order (docket # 10) purports to seek relief under Arizona Rule of Civil Procedure 60.  The Arizona Rules of Civil Procedure do not apply to the pending proceedings in federal court.  Review of the aforementioned pleading, however, indicates that it was filed in Response to Respondents' Answer to the petition. The Court, therefore, construes the "Motion for Relief from Judgment" as a Reply to Respondents' Answer to the Petition.

tolled for the time period during which a properly filed application for post-conviction relief or other collateral review is pending in the state court. 28 U.S.C. § 2244(d)(2). This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

### A. Application to Pending Petition

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on July 29, 2004. (Respondents' Exh. F) Petitioner did not seek review in the Arizona Supreme Court. (Respondents' Exh. G) Therefore, absent tolling, the limitations period would have commenced thirty days later on August 29, 2004. Ariz.R.Crim.P. 31.19(a)(providing 30 days to file a petition for review from the decision of the Court of Appeals); Clay v. United States, 537 U.S. 522, 532 (2003)(holding that finality occurs when the time for filing a notice of review expires); Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001)(finding that where Petitioner did not seek review in the state supreme court, the limitations period began to run 30 days later when the time for seeking direct review of the court of appeals' decision expired.)

The limitations period, which would have commenced on August 29, 2004, was immediately tolled because Petitioner had previously filed a notice of post-conviction relief on August 5, 2004. The limitations period was tolled immediately upon the filing of the notice of post-conviction relief and remained tolled until the trial court denied post-conviction relief on March 18, 2005. 28 U.S.C. § 2244(d)(2). Because Petitioner did not seek appellate review of the denial of post-conviction relief, the limitations period began to run on March 19, 2005. 28 U.S.C. § 2244(d)(2)(providing that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.")   Thus, Petitioner had until March 19, 2006 to file a federal petition for writ of habeas corpus. Patterson, 251 F.3d at 1246 (adopting the anniversary rule).

Petitioner's § 2254 was filed on June 23, 2006. (docket # 1) Thus, the petition was filed approximately three months after the limitations period expired. Petitioner's § 2254 petition is untimely absent equitable tolling.

**B.  Equitable Tolling**

The § 2244(d) limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. . . ." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).  Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id.  Tolling, however, is not available in most cases and is not available here. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted).

Petitioner does not allege the existence of any extraordinary circumstances warranting equitable tolling.  Moreover, Petitioner's lack of familiarity with the law does not warrant tolling the limitations period. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(neither petitioner's unfamiliarity with the legal process due to his illiteracy nor his lack of representation during applicable filing period merits equitable tolling); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); Reid v. Lambert, No. Civ. 02-848-AS, 2004 WL 1305249, * 3 (D.Or, March 29, 2004); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period).

Similarly, Petitioner's status as a prison inmate and the everyday difficulties inherent in prison life do not constitute extraordinary circumstances that warrant tolling the one-year limitations period. Jihad v. Hvass, 267 F.3d 803, 806–07 (8th Cir. 2001) (stating that prisoner's lack of access to a transcript and unsuccessful attempt to obtain post-conviction counsel did not preclude the timely commencement of post-conviction proceedings and, therefore, did not warrant equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that delays caused by prison inmate law clerk and law library closures do not justify equitable tolling).

In his § 2254 Petition, Petitioner contends that he received ineffective assistance of counsel during state post-conviction review. Petitioner is not entitled to counsel on state post-conviction review, accordingly, post-conviction counsel's alleged ineffective assistance does not warrant equitable tolling. Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1999)(stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel on collateral review, and alleged ineffectiveness cannot constitute cause for default).

In conclusion, because Petitioner filed the pending Petition after the expiration of the limitations period and has failed to present any basis for equitable tolling, the Court should dismiss the pending Petition as untimely. In the alternative, the Petition should be dismissed for failure to exhaust state remedies as discussed below.

**II. Exhaustion and Procedural Default**

Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for habeas relief, the prisoner must have exhausted, in state court, every claim raised in his petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claim by "fairly presenting" the claim to the state courts in a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each

appropriate state court . . . thereby alerting the court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

It is not enough that all the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. Reese, 541 U.S. at 29. (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim.) The habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial.") Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." Lyons, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court. Reese, 541 U.S. 27.

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. Nunnemaker, 501 U.S. at 802-05. If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate

the independent state procedural bar. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review.)  A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. Nunnemaker, 501 U.S. at 803.

Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague v. Lane, 489 U.S. 288, 297-99 (1989).  Any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)(relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a), Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)(recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley, 541 U.S. 386, 393-94(2004); Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3)

- 8 -

constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

Petitioner raises the following claims in the pending Petition: (1) ineffective assistance of counsel; (2) denial of the right to appeal; (3) illegal search and seizure; and (4) failure to disclose exculpatory evidence. (docket # 4) Petitioner did not present any of these claims to the State court of appeals either on direct appeal or on post-conviction review.

Because Petitioner never presented the federal claims which he raises in the pending § 2254 Petition to the State court of appeals, he has procedurally defaulted on his claims. Claims that are procedurally barred from federal habeas review may warrant review on the merits if petitioner demonstrates: (1) cause for the default and actual prejudice; or (2) that failing to review the claims "will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724. To establish cause for the default, a petitioner must establish that "some objective factor external to the defense impeded [his efforts] to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice is proved by demonstrating that the alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Cause and prejudice are conjunctive requirements; where a petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

The "fundamental miscarriage of justice" exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime. Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004). To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted).

Petitioner does not offer any explanation for his failure to present his pending claims to the appellate court. Moreover, to the extent that Petitioner contends that post-conviction counsel was ineffective, such a claim does not constitute cause for his procedural default because Petitioner has no right to counsel on post-conviction review. Because Petitioner was not entitled to counsel on post-conviction review, he cannot blame post-conviction counsel for his failure to raise his claims during those proceedings. Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1998)(stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel on collateral review, and alleged ineffectiveness cannot constitute cause for default).

Because Petitioner has failed to establish cause for his procedural default, the Court need not examine the existence of prejudice from the alleged violation of federal law. Nor has Petitioner shown that his claims require federal review to prevent a fundamental miscarriage of justice. The fundamental miscarriage of justice exception applies only when a petitioner establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. Here, Petitioner has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a

reasonable doubt in light of new evidence. Id. The fundamental miscarriage of justice exception does not apply in this case and a miscarriage of justice would not result from upholding the procedural bar.

**III. Conclusion**

In summary, Petitioner's claims fail as untimely or as procedurally barred.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 4) be **DENIED** and that Petitioner's Motion for Relief from Judgment (docket # 10) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of November, 2006.

Lawrence O. Anderson
United States Magistrate Judge